**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Saguaro Medical Associates, P.C., an Arizona professional corporation; and Rakesh Malhotra, M.D., <br><br> Plaintiffs, <br><br> vs. <br><br> Banner Health, an Arizona corporation, d/b/a Banner Thunderbird Medical Center, <br><br> Defendant. | No. CV-08-1386 PHX-DGC <br><br> **ORDER** |

Saguaro Medical Associates ("Saguaro") filed a complaint against Banner Health ("Banner) in state court on February 8, 2008. Dkt. #1-2 at 6-21. The complaint asserts claims for breach of contract, breach of implied covenant, and declaratory judgment. Saguaro filed an amended complaint naming Rakesh Malhotra, Saguaro's president, as a plaintiff and adding claims for intentional interference with contract and violations of civil rights under 42 U.S.C. § 1981. Dkt. #1-4 at 5-22 . The action has been removed to this Court. Dkt. #1.

Banner has filed a motion to dismiss the § 1981 claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #8. Plaintiffs have filed a response to the motion and a motion to amend the complaint. Dkt. ##11-12. Banner opposes the motion to amend. Dkt. #13. For reasons stated below, the Court will grant the motion to amend and deny the motion to dismiss.

Rule 15 declares that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Banner opposes the motion to amend on the ground that the proposed amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Malhotra's amended § 1981 claim would be subject to dismissal, Banner contends, because Malhotra has failed to allege facts showing that the claim is "plausible" as required by *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Dkt. #13 at 5-7.

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). In *Twombly*, the Supreme Court interpreted Rule 8 as requiring "more than labels or conclusions [or] a formulaic recitation of the elements of a cause of action[.]" 127 S. Ct. at 1965. Rule 8 is satisfied only where the "plain statement" contains enough facts to show a "*plausible* entitlement to relief[.]" *Id.* at 1966-67 (emphasis added).

Count six asserts a claim for race discrimination in violation of § 1981.[1] Section 1981 "guarantees 'all persons' the right to 'make and enforce contracts.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting 42 U.S.C. § 1981(a)). "This right includes the right to the 'enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship[.]'" *Id.* (quoting 42 U.S.C. § 1981(b)).

Banner contends that Malhotra's § 1981 claim fails because he has identified no contractual relationship between himself and Banner. Dkt. #8 at 6-7. Malhotra argues that medical staff bylaws constitute a contract between a hospital and its medical staff under Arizona law, *see Samaritan Health Sys. v. Super. Ct. (Schwartz)*, 981 P.2d 584, 588 (Ariz. Ct. App. 1998), and that he has sufficiently alleged his status as a member of the Banner medical staff. Dkt. #11 at 2-3 (citing Dkt. #1-4 at 3, ¶ 7). Banner does not dispute that staff bylaws can create a contractual relationship between a hospital and its medical staff or that Malhotra, at all relevant times, was a member of Banner's medical staff. Banner instead claims that the amended complaint contains no reference to the bylaws. Dkt. #13 at 4.

---

[1]The parties agree that to the extent Malhotra asserts a claim for national origin discrimination, such a claim is not viable under § 1981. Dkt. ##8 at 7, 12 at 1.

1   While the body of the amended complaint does not explicitly mention the bylaws, the
2   complaint's exhibits include a letter from Banner asserting that Malhotra breached certain
3   bylaw provisions attached to the letter. Dkt. #1-4 at 24-27. Banner's letter, and the bylaws
4   attached thereto, are deemed part of the complaint for purposes of Banner's motion to
5   dismiss. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a
6   pleading is part of the pleading for all purposes."); *Outdoor Media Group, Inc. v. City of
7   Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (exhibits attached to complaint may be
8   considered on a motion to dismiss). Banner's contention that the amended complaint
9   includes no reference to the medical staff bylaws is therefore incorrect.

10   Banner further contends that the second amended complaint fails to allege facts
11   making it plausible that Malhotra was denied contractual rights because of his race. Dkt. #13
12   at 5-7. Malhotra disagrees, arguing that the new allegations make clear that Banner breached
13   provisions of the bylaws and treated him differently than other physicians because of his
14   race. Dkt. #11 at 2-3.

15   The second amended complaint alleges that Malhotra served as Chairman of
16   the Department of Medicine and on Banner's Medical Executive Committee ("MEC")
17   (Dkt. #12-2 ¶ 8), that Banner sent him a letter of reprimand threatening his removal from
18   those positions (¶¶ 28-29), and that Banner falsely accused him of violating federal law and
19   initiated an unfair disciplinary proceeding against him resulting in his suspension (¶¶ 87,
20   95-102). The complaint further alleges that Banner's actions were different than those taken
21   against white physicians and Banner thereby deprived Malhotra of his contractual rights
22   because of his race (¶¶ 88-92).

23   Banner asserts that these factual allegations are mere conclusions that lack the
24   specificity required by *Twombly*. Dkt. #13 at 5-7. But *Twombly* made clear that Rule 8 does
25   not require "heightened fact pleading of specifics, but only enough facts to state a claim to
26   relief that is plausible on its face." 127 S. Ct. at 1974; *see Erickson v. Pardus*, 127 S. Ct.
27   2197, 2200 (2007).

28

Accepting Malhotra's factual allegations as true, and construing them in the light most favorable to him, *see Johnson*, 534 F.3d at 1122, the Court finds that he has stated a plausible race discrimination claim under § 1981. He has identified the contract Banner allegedly breached (the medical staff bylaws (Dkt. #1-4 at 24-27)), he has alleged that Banner breached that contract through its efforts to remove him from his positions in the Department of Medicine and MEC (¶¶ 87, 95-102), and he has alleged that Banner's actions were racially motivated given that Banner treated white physicians differently (¶¶ 88-92). These factual allegations "'give [Banner] fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 127 S. Ct. at 2200 (citations and alterations omitted). Rule 8 does not require more. *See id.*; *Johnson*, 534 F.3d at 1123-24. Banner's "concerns about specificity in [the] complaint [can be] handled by the array of discovery devices available to [Banner]." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 842 (9th Cir. 2007).

The Court will grant the motion to amend and deny the motion to dismiss. Plaintiffs shall file an amended complaint consistent with this order by September 26, 2008.

**IT IS ORDERED:**

1. Plaintiffs' motion to amend complaint (Dkt. #12) is **granted**.
2. Plaintiffs shall file an amended complaint by **October 3, 2008**.
3. Defendant's motion to dismiss (Dkt. #8) is **denied**.
4. The Court will set a Case Management Conference by separate order.

DATED this 26th day of September, 2008.

_David G. Campbell_
David G. Campbell
United States District Judge