**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Saguaro Medical Associates, P.C., an Arizona professional corporation; and Rakesh Malhotra, M.D., <br><br> Plaintiffs, <br><br> vs. <br><br> Banner Health, an Arizona corporation, d/b/a Banner Thunderbird Medical Center, <br><br> Defendant. | No. CV-08-1386 PHX-DGC <br><br> **ORDER** |

The Court held a discovery conference with the parties on April 16, 2009. Several issues were addressed. This order will reflect the Court's rulings on those issues.

1. Defendants shall supplement their privilege log by adding the names of attorneys for whom attorney-client privileged documents have been withheld, and by including all documents (paper and electronic) for which redactions have been made on the basis of peer review. This supplementation shall be made by **May 1, 2009**.

2. Defendants shall produce all score cards from all Banner facilities, up to the present date. Defendants shall also produce all minutes of the medical executive committee at Banner Thunderbird Hospital, concerning hospitalists, up to the present date. This production shall be made by **May 1, 2009**.

3. Plaintiffs may take the deposition of Dr. Perkins, for up to one-half day, by **May 8, 2009**.

1    4.    Defendants have asked the Court to strike a damages theory disclosed for the first time by Plaintiffs on March 26, 2009, the day before the close of fact discovery. This theory sets forth a claim for $7.5 million in lost profits based on a June 2007 email received by Plaintiff Rakesh Malhotra and disclosed for the first time by Plaintiffs with the new damages theory. After reviewing the email and the new theory, the Court concludes that the new theory would require Defendants to engage in substantial additional discovery. This discovery likely would include depositions of the participants in the email, the consultant to whom Plaintiff Malhotra forwarded the email, and members of the medical groups that were to be merged under the proposal. Substantial document production could also be required. Defendants reasonably could request discovery concerning not only the details of the proposed merger, but also the financial viability of the two entities to be merged, the contracts those entities had with various hospitals, the number of doctors who would join the merged entity, and the likely success of their respective practices. Because the new damages theory is based on ten years of earnings Dr. Malhotra allegedly would have received from the new entity, and those earnings would be based in part on the number of physicians who joined the entity and the future success of the venture, discovery from participating hospitals might also be required, as well as expert testimony on the likelihood of the merger being completed, its expected financial success, and other issues that could affect its viability.

The Court's Case Management Order established a fact discovery deadline of March 27, 2009. Dkt. #24. This date was proposed by the parties. *See* Dkt. #14. The Case Management Order stated that "[t]he parties are advised that the Court intends to enforce the deadlines set forth in this Order and should plan their activities accordingly." Dkt. #24, ¶ 10. The Court also advised the parties of the firmness of the deadlines at the case management conference held on October 29, 2008. *See* Dkt. #22.

Rules 26(a)(1)(A)(iii) required Plaintiffs to make an initial disclosure of the computation of each category of damages they are asserting in this case, as well as the documents or other evidentiary material upon which the computation is based. The Case Management Order required Plaintiffs to make this disclosure by October 31, 2008.

1  Dkt. #24, ¶ 1. The intent of the initial disclosure, in part, is to inform Defendants of damages
2  claims that might require investigation during the discovery period or expert analysis. Rule
3  26(a)(1)(E) provides that "[a] party must make its initial disclosure based on the information
4  then reasonably available to it. A party is not excused from making its disclosures because
5  it has not fully investigated the case[.]"

6        Plaintiffs' new theory is based on a merger proposed to Plaintiff Malhotra
7  approximately one year before this lawsuit was filed. Plaintiff Malhotra was a party to the
8  merger talks, and those talks concerned a possible merger of Plaintiff Saguaro Medical
9  Associates, P.C. and another medical group. Information concerning the merger clearly was
10 reasonably available to Plaintiffs when this case commenced. As a result, Plaintiffs had an
11 obligation to include the damages theory in their initial disclosure statement. Because the
12 theory was not disclosed until the day before the discovery deadline – too late for Defendants
13 to conduct any discovery – and because Plaintiffs were fully aware of the firmness of the
14 deadlines set by the Court (and proposed by the parties themselves), the damages theory was
15 not timely disclosed. The Court further concludes that the failure to make the disclosure is
16 neither substantially justified nor harmless, and Plaintiffs therefore will not be permitted to
17 assert the new damages theory at trial. Fed. R. Civ. P. 37(c).

18       Plaintiffs did not request an extension of the discovery schedule when they disclosed
19 this substantial new damages theory at the last minute. They suggested at the April 16, 2009
20 hearing that several additional months of discovery be allowed for Defendants to investigate
21 the new theory. Federal Rule of Civil Procedure 16 provides that the district judge shall
22 enter a scheduling order governing the case and that the "schedule shall not be modified
23 except upon a showing of good cause[.]" Fed. R. Civ. P. 16(b); *see Johnson v. Mammoth*
24 *Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("The scheduling order 'controls the
25 subsequent course of the action' unless modified by the court.") (quoting Fed. R. Civ. P.
26 16(e)); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Courts
27 set [pretrial] schedules to permit the court and the parties to deal with cases in a thorough and
28 orderly manner, and they must be allowed to enforce them, unless there are good reasons

not to."). Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.); *see Johnson.*, 975 F.2d at 609 ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). The Court concludes that Plaintiffs could have disclosed the new damages theory in their initial disclosure statement through the exercise of reasonable diligence. Plaintiffs therefore cannot make the showing of good cause required to extend the discovery period.

"In these days of heavy caseloads, trial courts . . . set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions[.]" *Id.* "As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 611 (9th Cir. 1992). Plaintiffs may not assert their new damages theory at trial.

5. Defendants will not be permitted to image Plaintiffs' computers in order to verify that Plaintiffs have produced all emails within their possession. Defendants have known of the existence of such emails for some time, and should have sought to image the computers before the close of discovery.

6. Defendants will be permitted to review the spreadsheets in the offices of Plaintiffs' counsel. The review should be completed by **May 1, 2009**.

7. Plaintiffs must disclose to Defendants' expert the line items reflecting the dollar amount of fees paid to attorneys. Plaintiffs need not disclose the details of the legal services; such details are protected as attorney work product.

8. Defendants will not be permitted to subpoena insurance contracts between various insurance companies and Plaintiffs. Such subpoenas should have been served during the discovery period.

1  9. Plaintiffs shall return to Plaintiffs all documents inadvertently produced from the in-house attorneys' file, with the exception of those marked as deposition exhibits and the document bearing bates number 1325.

DATED this 20th day of April, 2009.

_____
David G. Campbell
United States District Judge