**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Saguaro Medical Associates, P.C., an Arizona professional corporation; and Rakesh Malhotra, M.D., <br><br> Plaintiffs, <br><br> vs. <br><br> Banner Health, an Arizona corporation, d/b/a Banner Thunderbird Medical Center, <br><br> Defendant. | No. CV-08-1386 PHX-DGC <br><br> **ORDER** |

Plaintiffs Saguaro Medical Associates, P.C. and Rakesh Malhotra, M.D. have filed a motion to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure and for reconsideration of the Court's order of November 6, 2009.[1] Dkt. #136. Plaintiffs seek to amend the complaint to include allegations relating to the first and third notices of material breach issued by Defendant. *Id.* For reasons that follow, the Court will deny the motion.

The Court's Case Management Order, entered November 17, 2008, established a deadline for amending pleadings and adding parties:

---

[1] The Court construes Plaintiffs' motion as a motion to amend and not a motion for reconsideration. Plaintiffs make no arguments as to why this Court should reconsider its prior order under the applicable standard. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). To the extent that the motion is for reconsideration, the Court will deny it as untimely. *See* LRCiv 7.2(g)(2).

> 2. <u>Deadline for Joining Parties, Amending Pleadings, and filing Supplemental Pleadings</u>. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

Dkt. #24, ¶ 2 (emphasis in original). The 60-day deadline expired in January of 2009. Plaintiffs seek to amend the pleadings more than 10 months after the deadline, long after the close of discovery, and after the Court ruled on dispositive motions.

Deadlines established in case management orders may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("The scheduling order 'controls the subsequent course of the action' unless modified by the court.") (quoting Fed. R. Civ. P. 16(a)). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

Plaintiffs do not attempt to argue diligence or good cause. Rather, they argue that amendment is appropriate because there will be no prejudice and because, without amendment, they will be forced to file another lawsuit in state court to deal with these issues. These arguments are not persuasive. In determining whether to extend a Rule 16 deadline, the focus is on the diligence of the moving party, not the absence of prejudice. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609 (citation omitted). Plaintiffs do not argue that they were diligent.

Nor is the Court persuaded that the longstanding deadline in this case should be extended because of the risk of additional litigation in state court. The Court set a schedule for resolving the claims in this case. The Court will not at this late date alter the schedule to address claims that were not made in this case but might be made in a new case.

"In these days of heavy caseloads, trial courts . . . set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Parties must understand that they will

- 2 -

pay a price for failure to comply strictly with scheduling and other orders[.]" *Id.*

**IT IS ORDERED** that Plaintiffs' motion to amend and for reconsideration (Dkt. #136) is **denied.**

DATED this 22nd day of December, 2009.

_____
David G. Campbell
United States District Judge