1
2
3
4
5            **IN THE UNITED STATES DISTRICT COURT**

6              **FOR THE DISTRICT OF ARIZONA**

7

8   Saguaro Medical Associates, P.C., an      )    No.  CV 08-1386 PHX DGC
    Arizona professional corporation, et al.,  )
9                                              )
              Plaintiffs,                      )
10                                             )    **ORDER SETTING TRIAL**
    vs.                                        )
11                                             )
    Banner Health, an Arizona corporation      )
12  d/b/a Banner Thunderbird Medical           )
    Center,                                    )
13                                             )
              Defendant.                       )
14  _____   )

15         A Final Pretrial Conference was held on January 29, 2010.  Counsel appeared on

16  behalf of Plaintiff and Defendant.  On the basis of the parties' written submissions and the

17  hearing,

18         **IT IS HEREBY ORDERED:**

19         1.      Trial in this matter shall begin on **February 25, 2010, at 9:00 a.m.**

20         2.      The trial shall last **6** days (February 25-26 and March 2-5, 2010).  Plaintiffs

21  shall be allotted **15** hours of trial time and Defendant shall be allotted **15** hours of trial time.

22  The Court will keep track of each side's time.  Opening and closing statements, direct

23  examination, and cross-examination shall be counted against the parties' allotted time.

24         3.      A final conference shall be held on **February 23, 2010, at 4:30 p.m.** in

25  Courtroom 603, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street,

26  Phoenix, Arizona 85003.  Out-of-state counsel may participate by telephone.

27         4.      The parties' proposed final pretrial order was approved by the Court as the

28  final pretrial order in this case.  The order shall govern the presentation of evidence and other

trial issues, and, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, shall be modified only to prevent manifest injustice. Evidence, objections, legal arguments, and relief not requested or identified in the order shall not be available at trial, except to prevent manifest injustice.

5. The Court addressed Defendant's Motion in Limine No. 1. Dkt. #154. For reasons stated on the record, the Court **granted** the motion with respect to any evidence or argument that the third notice of material breach gives rise to liability on the part of Defendant. The Court **denied** the motion with respect to Plaintiffs' argument that Defendant's termination of Saguaro's contract constitutes a breach of the contract. Plaintiffs will be permitted to argue that Defendant's termination of the contract gives rise to liability. If Defendant contends that termination of the contract was appropriate because of the violations addressed in the third notice of material breach, Plaintiffs will be permitted to contend that termination was not justified on this basis. In doing so, Plaintiffs will not be permitted to argue that the third notice of material breach itself constituted a breach of the contract. Rather, Plaintiffs will be permitted to counter Defendant's argument that the ultimate termination of the contract was appropriate because of the violations identified in the third notice of breach.

6. The Court addressed Defendant's Motion in Limine No. 2. Dkt. #155. For reasons stated on the record, the Court denied the motion. Plaintiffs will be permitted to present evidence and argument that the violations addressed in the second notice of material breach were not violations and were not material.

7. The Court addressed Defendant's Motion in Limine Nos. 3 and 4. Dkt. ##156, 157. The Court will require additional briefing on these motions. By **February 8, 2010**, the parties simultaneously shall file memoranda addressing five issues: (1) whether the portion of A.R.S. § 36-445.01(A) discussed during the final pretrial conference allows for the admission of peer review materials in this case; (2) whether Defendant waived any peer review privilege or confidentiality by the timing and manner of its disclosures in this case; (3) whether testimony Plaintiffs propose to use from the fair hearing transcript is admissible

under Federal Rule of Evidence 801(d)(2)(D); (4) if the testimony is admissible under this rule, whether there is double hearsay within the testimony that must also be addressed; and (5) whether use of the fair hearing transcript should be precluded because the transcript was never identified in Plaintiffs' Rule 26 disclosures.  The memorandum shall not exceed **15** pages in length.

8.      The Court addressed Defendant's Motion in Limine No. 5.  Dkt. #158.  For reasons stated on the record, the Court **granted** the motion.  The Court concluded that the findings of the fair hearing panel cannot be considered admissions by Defendant under Rule 801(d)(2)(D), nor adoptive admissions under Rule 801(d)(2)(B).

9.      The Court addressed Defendant's Motion in Limine No. 6.  Dkt. #159.  The Court took this issue under advisement.  The motion will be **denied**.  The Court concludes that Plaintiff Malhotra's removal as chairman of the Department of Medicine is relevant to his claim that Defendant undertook a course of dealings that ultimately interfered with his contracts.  The actions concerning his chair of the Department of Medicine have a tendency to make this claim more likely.  Fed. R. Ev. 401.  Because Defendant will be permitted to explain its actions with respect to the Department chair, the Court conclude that the relevancy of this evidence will not be substantially outweighed by a risk of unfair prejudice.  Fed. R. Ev. 403.

10.     The Court addressed Defendant's Motion in Limine No. 7.  Dkt. #160.  For reasons stated on the record, the Court **denied** the motion.  Plaintiffs' HIPPA expert will be permitted to testify consistent with his Rule 26 Report.

11.     The Court addressed Defendant's Motion in Limine No. 8.  Dkt. #161.  For reasons stated on the record, the Court **granted** the motion.  Plaintiffs have not shown that Patricia Henrikson was an officer, director, or managing agent of Defendant within the meaning of Federal Rule of Civil Procedure 30(a)(3).  Her deposition may be used for impeachment, but may not be presented to the jury under this rule.

12.     The Court addressed Defendant's Motion in Limine No. 9.  Dkt. #162.  For reasons stated on the record, the Court **denied** the motion.  The Court cannot say at this point

that drafts of the parties' agreements, or negotiations regarding the agreements, are irrelevant. The parties will be permitted to make all appropriate relevancy objections during trial.

13. The Court addressed Defendant's Motion in Limine No. 10. Dkt. #163. For reasons stated on the record, the Court **denied** Defendant's request that the Court exclude all evidence related to Plaintiff Malhotra's intentional interference claim. The Court took **under advisement** whether Plaintiff Malhotra can present the question of emotional distress damages to the jury. The motion will be **denied** on that issue as well.

"[C]ourts have not required a Rule 26 computation regarding the amount of emotional distress-related compensatory damages claimed in cases in which the Plaintiff does not intend to suggest an amount to the jury. In other words, if the Plaintiff intends to suggest a specific amount of emotional distress-related compensatory damages to the jury, he or she must produce the disclosures required by Rule 26. If, however, the plaintiff intends to leave the determination of emotional distress-related compensatory damages solely to the jury, a Rule 26 disclosure is not required." *EEOC v. General Motors Corp.,* No. 3:06-cv-19-WHB-LRA, 2009 WL 910812, *2 (S.D. Miss., April 1, 2009); *see also Williams v. Peter Pub Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000); *Gray v. Florida Dept. of Juvenile Justice*, No. 3:06-cv-990, 2007 WL 295514, at *2 (N.D. Fla., Jan. 30, 2007); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 & n.2 (N.D. Tex. 2005). In light of these authorities, the Court will not exclude Plaintiff Malhotra's claim for emotional distress damages because a computation of those damages was not included in his Rule 26 disclosure statement. The Court notes that the disclosure statement did state that Plaintiff Malhotra intended to recover such damages.

14. The Court addressed Defendant's Motion in Limine No. 11. Dkt. #164. For reasons stated on the record, the Court **denied** the motion. The Court will not exclude evidence of interference with patient relationships.

15. The Court addressed Defendant's Motion in Limine No. 12. Dkt. #165. The Court also considered Defendant's related motion filed at Dkt. #170. The Court took these motions **under advisement** and will issue a separate order.

16.     The Court addressed Defendant's Motion in Limine No. 13. Dkt. #166. For reasons stated on the record, the Court **denied** the motion. The Court will not exclude evidence of breach of contract damages for non-disclosure.

17.     The Court addressed Defendant's Motion in Limine No. 14 and Defendant's motion for sanctions for spoliation of evidence. Dkt. ##167, 168. Plaintiffs shall file a response to the motion for sanctions on or before **February 1, 2010**. Defendant shall file a reply on or before **February 5, 2010**, if possible, and no later than **February 8, 2010**.

18.     Attached to this Order are the Court's proposed voir dire questions. These questions will be discussed during the conference to be held on **March 23, 2010**.

19.     Attached to this Order are the Court's proposed preliminary jury instructions to be given at the beginning of trial. These instructions will also be addressed at the **March 23, 2010** conference.

20.     The Court directed the parties to hold an in-person settlement conference prior to **February 23, 2010**. If the parties succeed in reaching a settlement, they shall promptly notify the Court.

DATED this 2nd day of February, 2010.

David G. Campbell
United States District Judge

- 5 -

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Saguaro Medical Associates, P.C.,    )
an Arizona professional    )
corporation, et al.,    )      No.  CV08-1386 PHX DGC
    )
        Plaintiffs,    )
    )
  v.    )
    )
Banner Health, an Arizona corporation    )
d/b/a Banner Thunderbird Medical    )
Center,    )
    )
        Defendant.    )
    )
_____)

## COURT'S PRELIMINARY JURY INSTRUCTIONS
## AND VOIR DIRE

DATED:    January 29, 2010

_____
David G. Campbell
United States District Judge

# 1.1A  DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

# 1.2  CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This lawsuit involves three parties.  There are two Plaintiffs, Saguaro Medical Associates and Dr. Rakesh Malhotra.  The Defendant is Banner Health Systems.

Banner Health Systems operates a hospital located in Glendale, Arizona known as the Banner Thunderbird Medical Center.  Patients in Banner Thunderbird's emergency room are tended to by physicians known as hospitalists.

In June, 2005, Banner entered into contracts with three hospitalist companies to provide hospitalist services at Banner.  One of those groups was Saguaro Medical Associates, one of the Plaintiffs in this action.  In February 2007, the contract between Banner and Saguaro Medical was amended.  Saguaro Medical provided hospitalist services at Banner Thunderbird until March 2008.

Dr. Rakesh Malhotra, the other Plaintiff, was an owner and the president of Saguaro Medical Associates.  He was also a physician who provided hospital services pursuant to the contract between Banner and Saguaro Medical.

In June 2007, Banner issued a "Notice of Material Breach" to Saguaro.  Banner issued a "Second Notice of Material Breach" in September 2007.  Banner terminated the contract in March of 2008.

You will be asked to decide whether Banner's issuance of the Second Notice of Material Breach constituted a breach of the agreement between the parties and whether Banner breached the agreement when Banner terminated it in March of 2008.  You will also be asked to decide whether Saguaro Medical was damaged.

Saguaro Medical also maintains that Banner breached a covenant of good faith and fair dealing implied in the contractual relationship by issuing the First and Second Notice of Material Breach.

Dr. Malhotra claims that Banner improperly interfered with his relationship with Saguaro Medical, resulting in its termination.  You will be asked to determine whether Banner's actions were improper and, if so, whether such actions caused the termination of the relationship between Saguaro Medical and Dr. Malhotra and whether Dr. Malhotra was damaged.

## 1.3  BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### 1.5  TWO OR MORE PARTIES -- DIFFERENT LEGAL RIGHTS

You should decide the case as to each plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

## 1.6  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

## 1.7  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 1.8  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]

## 1.9  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# 1.10  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# 1.11  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

# 1.12  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

## 1.13  NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

# 1.14  TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## 1.18  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# 1.19 OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

## 2.4  DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*witness*] was taken on [*date*].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

## 2.8  IMPEACHMENT EVIDENCE --WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## 2.10 USE OF INTERROGATORIES OF A PARTY

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## 2.11  EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# CIVIL VOIR DIRE QUESTIONS

1.     Read statement of the case.

    •     Have any of you read or heard anything about this case from any source whatsoever?

    •     Given this brief description of the facts, is there anything about this case that would cause you to believe that you could not consider the evidence fairly and impartially according to the law?

2.     Introduce self and staff: Lisa Richter, Tricia Lyons, Jeff Kilmark, Lindsay Heyen, and Nancy Johnson Outley.  Do any of you know me or any member of my staff on any basis, social, professional or otherwise?

3.     The Plaintiff are represented by Lonnie J. Williams of the law firm of Quarles & Brady, LLP.  Counsel please stand.

    •     Do any of you know Plaintiffs' counsel, or any of the employees in his office on any basis, social, professional or otherwise?

    •     Counsel, please introduce your client and those present at the counsel table. Do any of you know these individuals on any basis, social, professional or otherwise?

    •     If a company or corporation: Have any of you ever had a business or employment relationship of any kind with the plaintiff?

4.      The defendant is represented by Keith Beauchamp , Kimberly Fatica and Roopali Desai of the law firm of Coppersmith Schermer & Brockelman, PLC.  Counsel please stand.

•       Do any of you know the Defendant's counsel or any employees of their office on any basis, social, professional or otherwise?

•       Counsel, please introduce your client and those present at the counsel table. Do any of you know these individuals on any basis, social, professional, or otherwise?

•       If a company or corporation: Have any of you ever had a business or employment relationship of any kind with the defendant?

5.      The witnesses who may be called during this trial are: (See Witness Tab):

•       Do any of you know or think you might know any of these witnesses?

6.      Do any of you have strong feelings either for or against a party who brings a lawsuit?

7.      This is a civil case which is to be decided by the preponderance of the evidence [clear and convincing on some issues].  This is different from a criminal case where the government has to prove its case beyond a reasonable doubt.  Does anyone have a problem applying a lower burden of proof than used in a criminal case?

8.      Have any of you or members of your family been a party or witness in any litigation (excluding domestic relations, traffic, or probate)?

9.      Do any of you or any of the members of your family have any legal training?

10.     Is there anyone on the jury panel who was previously or is currently employed by

2

Saguaro Medical Associates or any Banner facility?

11.    Is there anyone on the jury panel with a family member or close friend who was previously or is currently employed by Saguaro Medical Associates or any Banner facility?

12.    Is there anyone on the jury panel who is a physician?

13.    Is there anyone on the jury panel who was previously or is currently employed in the hospital setting? Is there anything about that experience that would affect your ability to be a fair and impartial juror?

14.    Is there anyone on the jury panel who received medical care at a Banner facility? Is there anything about that experience that would affect your ability to be a fair and impartial juror?

15.    Is there anyone on the jury panel with a family member or close friend who received medical care at a Banner facility? Is there anything about that experience that would affect your ability to be a fair and impartial juror?

16.    Is there any member of the jury panel who has owned his or her own business? Is that business still in existence? If not, what happened?

17.    Is there anyone on the jury panel who has involuntarily lost a job? What were the circumstances?

18.    One of the Plaintiffs and the Defendant in this case is a corporation. Do you think you will be unable to give a corporation the same fair and impartial treatment as you would any individual?

19.	Do any of you know any fact, or is there anything in your background, which, if it were known to the counsel for the Plaintiffs or the Defendant, might cause them to not select you as a juror in this case?  If so, please explain.

20.	I will instruct you on the law at the conclusion of the case.  If selected as a juror, you will take an oath to follow the law.  Do any of you think you would have trouble following the law if you disagree with it?

21.	Ladies and gentlemen, we recognize that jury service is probably an inconvenience for you, taking you away from your jobs and families and disrupting your daily routine.  Jury service is, however, one of the most important duties that citizens of this country can perform.  For this reason, from time to time we ask citizens to make sacrifices and serve on juries, even when inconvenient.  Prospective jurors can be excused from jury service if the length of the trial or the daily schedule would impose undue hardship.  By undue hardship I mean more than inconvenience – I mean genuine hardship that would be experienced by you or your family.  This case is expected to last ___ days.  Would the length of the trial create an undue hardship for any of you?

22.	I expect to conduct trial on these dates and times:

	_____

	_____

	_____

	_____

Would this schedule create an undue hardship for any of you?

23.   Do any of you have any other reason whatsoever, such as a physical difficulty, a health problem or home problems that might interfere with your serving as a fair and impartial juror in this case?

24.   We have handed you a sheet with 10 separate questions.  Please stand and answer the questions.  The last question asks about your prior jury service. With respect to any juries on which you have served, please indicate the nature of the case and the outcome of the trial.

25.   Did any of you know each other before this morning?

26.   If there are any matters that you would rather discuss privately that may affect your ability to be a fair and impartial juror, please let the Court know.

1.     Juror Number

2.     The general location of your residence

3.     Length of time at current residence

4.     Education after high school, if any.  State your major

5.     Marital status

6.     Number of children.  Ages of children if under 18

7.     Employment

    A.     Yourself – current job and types of jobs throughout lifetime

    B.     Spouse – current job and types of jobs throughout lifetime

8.     Civil, social, fraternal, union or professional organizations.  Offices held in them

9.     Hobbies or recreational activities

10.    Prior jury service – civil or criminal